Federal Natl. Mtge. Assn. v Edwards (2020 NY Slip Op 07165)





Federal Natl. Mtge. Assn. v Edwards


2020 NY Slip Op 07165


Decided on December 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE, JJ.


2019-03558
 (Index No. 452/15)

[*1]Federal National Mortgage Association, etc., appellant,
v
Anthony Edwards, etc., et al., defendants.


Gross Polowy, LLC, Westbury, NY (Stephen J. Vargas of counsel), for appellant.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Putnam County (Victor G. Grossman, J.), dated November 21, 2018. The order denied the plaintiff's unopposed motion, inter alia, for a declaration that a judgment of foreclosure and sale of the same court (Paul I. Marx, J.), entered September 20, 2016, foreclosed all of a certain parcel of property, including specified lots that were not included in the legal description of the property annexed to the mortgage agreement.
ORDERED that the order is affirmed, without costs or disbursements.
Between December 29, 1999, and November 29, 2004, the defendants Anthony Edwards and Colleen Edwards (hereinafter together the defendants) acquired parcels of real property with designated tax map numbers 25.70-1-37, 25.70-1-29, 25.70-1-30, and 25.70-1-31, which, respectively, were described as lots A929-A933, lots A950, 1951, and A952, lots A946-A949, and lots A942-A945, as designated and delineated on the map entitled "Map A of Putnam Lake, Putnam County, New York and Fairfield County, Connecticut" and filed in the Putnam County Clerk's Office on March 20, 1931, as Map No. 149-H.
On August 4, 2005, Anthony Edwards executed and delivered to Home Loan Center, Inc., a note in the principal sum of $300,000. On the same date, the defendants executed and delivered a mortgage on the premises commonly known as 17 Salisbury Road, Patterson, New York, to secure the note. Schedule A annexed to the mortgage agreement set forth the legal description of the property as "ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Town of Patterson, County of Putnam and State of New York particularly described as Lots numbered A950, 1951 and A952 as designated and delineated on the map entitled 'Map A of Putnam Lake, Putnam County, New York and Fairfield County, Connecticut' and filed in the Putnam County Clerk's Office on the 20th day of March, 1931 as Map No. 149-[H]." As set forth in the mortgage agreement, the description of the property included, inter alia: the property; all buildings and other improvements located on the property; all rights in other property the mortgagors had as owners of the property known as easements and appurtenances attached to the property; all rights that the mortgagors had in the land which lay in the streets or roads in front of, or next to, the property; all fixtures which were then or in the future would be on the property; and all of the rights and property described in the foregoing that the mortgagors acquired in the future.
On February 28, 2006, the defendants authorized the Patterson Town Assessor to combine the parcels designated as tax map numbers 25.70-1-29, which had been described as lots A950, 1951, and A952, with the parcels designated as tax map numbers 25.70-1-30, 25.70-1-31, and 25.70-1-37 and to designate the combined parcel as tax map number 25.70-1-29. Thereafter, the note and mortgage were delivered and assigned to the plaintiff. The defendants defaulted in repaying the note, and the plaintiff commenced this action to foreclose the mortgage and filed a notice of pendency. Subsequently, the Supreme Court entered a judgment of foreclosure and sale on September 30, 2016. Pursuant to the judgment of foreclosure and sale, a referee conducted a public auction of the mortgaged premises on January 10, 2017, at which the plaintiff was the successful bidder. On January 30, 2017, the referee executed a referee's deed to the plaintiff. By letter dated January 22, 2018, the Supervisor of the Town of Patterson, New York, informed the plaintiff's attorney that as a result of the plaintiff's actions, there was an illegal subdivision of the property.
The plaintiff moved, inter alia, for a declaration that, pursuant to the doctrine of after-acquired property, the judgment of foreclosure and sale foreclosed all of the parcel designated in 2006 as tax map number 25.70-1-29, including lots A929-A933, A942-A945, and A946-A949, which, prior to 2006, had been designated as tax map numbers 25.70-1-37, 25.70-1-31, and 25.70-1-30, respectively. In an order dated November 21, 2018, the Supreme Court denied the motion. The plaintiff appeals.
We agree with the Supreme Court's determination to deny the plaintiff's motion. To the extent that the plaintiff contends that the parcels of real property that had been designated as tax map numbers 25.70-1-37, 25.70-1-31, and 25.70-1-30 prior to 2006 were acquired after the defendants entered into the mortgage agreement, that contention is without merit (see Guaranty Trust Co. of N.Y. v New York & Queens County Ry. Co. , 253 NY 190). Furthermore, as the Supreme Court correctly determined, those parcels were not subject to the after-acquired property clause of the mortgage agreement because they were not within the description of the mortgage covenant. The only real property contemplated in the mortgage agreement was that described in Schedule A as annexed to the mortgage agreement, more specifically, "ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Town of Patterson, County of Putnam and State of New York particularly described as Lots numbered A950, 1951 and A952 as designated and delineated on the map entitled 'Map A of Putnam Lake, Putnam County, New York and Fairfield County, Connecticut' and filed in the Putnam County Clerk's Office on the 20th day of March, 1931 as Map No. 149-H." The lots numbered A950, 1951, and A952 refer only to the parcel that had been designated as tax map number 25.70-1-29 before it was combined with other parcels of real property on February 28, 2006.
In light of our determination, we need not address the plaintiff's remaining contentions.
MASTRO, J.P., LEVENTHAL, HINDS-RADIX and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court